IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD E. FISCHBEIN, MD, individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> IQVIA, INC., <br><br> Defendant. | Case No. <br><br> **Complaint – Class Action** |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, Richard E. Fischbein, MD ("Plaintiff"), individually and on behalf of a class of similarly-situated persons, by counsel and pursuant to Fed. R. Civ. P. 23, moves for entry of an order certifying the following class:

> All persons and entities who received one or more facsimiles at any time after November 13, 2015 from Quintiles, IMS or IQVIA inviting them to participate in a study in exchange for points in a rewards program.

1. Plaintiff files this motion in conjunction with the the filing of its Class Action Complaint in order to avoid any attempt by Defendant to moot Plaintiff's individual claims in this class action. However, in this case, additional discovery is necessary for the court to determine whether to certify the class Plaintiff seeks to represent. As a result, Plaintiff will seek leave to pursue class discovery as soon as practicable.

2. The prerequisites to class certification set out under Fed. R. Civ. P. 23(a) are met. Upon information and belief, the class is so numerous that joinder is not practicable. The claim of the Class Representative raises questions of law and

fact common to and typical of the claims of each class member, and the Class Representative will fairly and adequately protect the interests of the members of the class. Since the expense and burden of individual litigation effectively makes it impossible for individual class members to seek redress for the wrongs alleged in the Class Action Complaint, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

3. The case involves common fact questions about Defendant's fax campaign and common legal questions under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), such as:

    a. Whether <u>Exhibits A-B</u> to Plaintiff's Class Action Complaint and other yet-to-be-discovered facsimiles sent by or on behalf of Defendant advertised the commercial availability or quality of any property, goods or services;

    b. Whether Defendant was the sender of advertisements by facsimile promoting the commercial availability or quality of any property, goods, or services;

    c. The manner and method used to compile or obtain the list(s) of fax numbers to which Defendant sent fax advertisements;

    d. Whether the Court should award statutory damages to Plaintiff and the other class members;

    e. If the Court finds that Defendant willfully or knowingly violated the TCPA, whether the Court should exercise its discretion to increase the

amount of the statutory damages award to an amount equal to not more than three times the amount;

f. Whether the Court should enjoin Defendants from faxing advertisements in the future; and

g. Whether Defendants' conduct as alleged herein constituted conversion. The

4. Additionally, class certification is proper under Rule 23(b)(3), because questions of law or fact to Plaintiff's claim and the claims of each class member predominate over any question of law or fact affecting only individual class members, and class representation is superior to other methods for the fair and efficient adjudication of this controversy.

5. Plaintiff requests leave to submit a brief and other evidence in support of this motion after obtaining discovery regarding the class elements. This procedure comports with Fed. R. Civ. P. 23(c)(1)(A), which permits district courts to wait until "an early practicable time" before ruling on a motion to certify a class. Practicability, the Supreme Court has determined, requires "rigorous analysis" and probing behind the pleadings before coming to rest on the certification question. *Wal-Mart Stores, Inc., v. Dukes et al.*, 564 U.S. 338, 131 S.Ct. 2541, 2551 (2011).

**WHEREFORE**, based on the foregoing, Plaintiff respectfully requests that the Court certify this action as a class action pursuant to Fed. R. Civ. P. 23.

Respectfully submitted,

Richard E. Fischbein, MD, individually and as the representative of a class of similarly-situated persons

By: /s/ _____
One of his attorneys

Richard Shenkan (PA 79800)
SHENKAN INJURY LAWYERS, LLC
P.O. Box 7255
New Castle, PA 16107
(800) 601-0808 (phone)
(888) 769-1774 (fax)
rshenkan@shenkanlaw.com

Phillip A. Bock (pro hac vice to be sought)
David M. Oppenheim (pro hac vice to be sought)
Tod A. Lewis (pro hac vice to be sought)
Molly E. Stemper (pro hac vice to be sought)
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
(312) 658-5500 (phone)
(312) 658-5555 (fax)
service@classlawyers.com