## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD E. FISCHBEIN, MD, individually and as the representative of a class of similarly-situated persons, Plaintiff, v. IQVIA INC., Defendant. | Case No. 2:19-cv-05365-NIQA **IQVIA INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT** |

## IQVIA INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO
## CLASS ACTION COMPLAINT

Defendant IQVIA Inc. ("IQVIA"), through the undersigned counsel, for its Answer and Affirmative Defenses to Plaintiff Richard E. Fischbein, MD's ("Plaintiff") Class Action Complaint (the "Complaint"), states as follows:

## ANSWER

### Answer to "Preliminary Statement"

1.     Defendant has sent unsolicited advertisements by facsimile to Plaintiff and others in violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, including regulations the Federal Communications Commission ("FCC") has prescribed thereunder, 47 C.F.R. § 64.1200 (collectively, the "TCPA").

**ANSWER:     IQVIA denies the allegations in Paragraph No. 1.**

2.     Defendant sent Plaintiff at least two unsolicited advertisements by facsimile. True and correct copies of those facsimiles are attached as Exhibit A and Exhibit B. Defendant sent the same or substantially similar facsimiles to the other class members.

**ANSWER:** **IQVIA states that the documents attached as Exhibits A and B to the Complaint speak for themselves.  To the extent that the allegations in Paragraph No. 2 purport to characterize or are inconsistent with the contents of those documents, IQVIA denies the allegations.  IQVIA expressly denies that Exhibits A and B are "unsolicited advertisements" under the Telephone Consumer Protection Act ("TCPA"), and denies that it sent any "unsolicited advertisements" to any putative class members.**

3.       Defendant is engaged in data mining for the healthcare industry.  Defendant collects human health data for its customers and to add to its commercially-available database. For example, Defendant compensates physicians to provide information about drug prescriptions and aggregates, organizes, and sells such data to support the marketing efforts of drug makers and others.

**ANSWER:** **IQVIA admits that it collects information from a panel of several thousand physicians in the United States who complete surveys for inclusion in the National Disease and Therapeutic Index ("NDTI"), a long term research study.  IQVIA denies all remaining allegations in Paragraph No. 3.**

4.       Plaintiff is a physician.  Defendant's faxes solicited his participation in Defendant's data-collection business.  According to the faxes, Defendant would compensate Plaintiff with points redeemable in a "rewards program" for merchant gift cards, event tickets, and merchandise, in exchange for Plaintiff sharing patient information with Defendant twice per quarter.

**ANSWER:** **IQVIA states that Exhibits A and B to the Complaint speak for themselves. To the extent that the allegations in Paragraph No. 4 purport to summarize or characterize or are inconsistent with the contents of those documents, IQVIA denies the allegations.  IQVIA denies all remaining allegations in Paragraph No. 4, or lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph No. 4, and on that basis denies those allegations.**

5.       Plaintiff did not expressly invite or give express permission to receive any advertisement from Defendant by fax.  Plaintiff does not have an established business relationship with Defendant and, even if he did, Defendant's faxes do not contain an opt-out notice that complies with the requirements of the TCPA.

**ANSWER:**   **IQVIA states that Paragraph No. 5 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies the allegations in Paragraph No. 5.**

6.    Plaintiff brings this action pursuant to the TCPA on behalf of a nationwide class of all persons or entities sent one or more of Defendant's telephone facsimile messages ("faxes") soliciting participation in one or more studies or surveys in exchange for compensation, such as points in Defendant's rewards program or direct payment of money.

**ANSWER:**   **IQVIA states that Plaintiff purports to bring a class action, but denies that this matter is appropriate to proceed as a class action and denies that the proffered class definition is proper.**

7.    On behalf of the class, Plaintiff seeks: (a) statutory damages for each violation of the TCPA, trebling of those statutory damages if the Court determines Defendant's violations were knowing or willful, and an injunction to halt Defendant's unlawful fax advertisement program; and (b) an injunction to halt Defendant's unlawful fax advertising program.

**ANSWER:**   **IQVIA denies that Plaintiff or the putative class are entitled to any damages, injunctive relief, or other relief.  IQVIA therefore denies the allegations in Paragraph No. 7.**

### Answer to "Parties, Jurisdiction, and Venue"

8.    Plaintiff, Dr. Richard E. Fischbein, is a Pennsylvania resident and a physician in psychiatry in a practice located in Kingston, Pennsylvania.

**ANSWER:**   **IQVIA states that it lacks sufficient information to form a belief as to the truth of the allegations in Paragraph No. 8, and on that basis denies the allegations in Paragraph No. 8.**

9.    Defendant, IQVIA, Inc., is a Delaware corporation with its principal place of business in Plymouth Meeting, Pennsylvania.

**ANSWER:**   **IQVIA admits that it is a Delaware corporation with a principal place of business in Plymouth Meeting, Pennsylvania.**

10.     The Court has subject matter jurisdiction under 28 U.S.C. § 1331, because the claims arise under federal law, 47 U.S.C. § 227. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751 ·53 (2012).

**ANSWER:     IQVIA states that Paragraph No. 10 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies that Plaintiff has Article III standing to prosecute his individual or putative class claims.   Accordingly, IQVIA denies that this Court has jurisdiction over the subject matter of the claims asserted in the Complaint.**

11.     Personal jurisdiction exists over Defendant in Pennsylvania because its principal place of business is in the State, because Defendant transacts business within the State, and because Defendant committed tortious acts by causing the transmission of unlawful communications within the State.

**ANSWER:     IQVIA states that Paragraph No. 11 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies that it committed any tortious acts, and denies that it caused the transmission of any unlawful communications.  Answering further, IQVIA does not contest this Court's exercise of personal jurisdiction over it.**

12.     Venue is proper in the Eastern District of Pennsylvania because Defendant is located within this District, Defendant committed statutory torts within this District, and a significant portion of the events took place here.

**ANSWER:     IQVIA states that Paragraph No. 12 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies that it committed any statutory torts.  Answering further, IQVIA does not contest venue in this District.**

### Answer to "Facts"

13.     Defendant sent unsolicited advertisements by facsimile to Plaintiff and a class of similarly-situated persons.

**ANSWER:     IQVIA denies the allegations in Paragraph No. 13.**

14.     Plaintiff has received at least two of Defendant's advertisements by facsimile.  A true and correct copy of a fax Plaintiff received on November 29, 2017, is attached as <u>Exhibit A</u>. A true and correct copy of a fax Plaintiff received on July 24, 2018, is attached as <u>Exhibit B</u>.

**<u>ANSWER</u>:     IQVIA expressly denies that Exhibits A and B are "advertisements" under the TCPA and thus denies that it sent Plaintiff any "advertisements by facsimile." IQVIA states that it lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph No. 14, and on that basis denies the remaining allegations in Paragraph No. 14.**

15.     <u>Exhibit A</u> and <u>Exhibit B</u> are one-page documents Defendant sent by fax, soliciting Plaintiff's participation in studies or surveys in which Defendant expected to gather valuable information from Plaintiff in exchange for compensation.

**<u>ANSWER</u>:     IQVIA states that Exhibits A and B speak for themselves.  To the extent that the allegations in Paragraph No. 15 purport to summarize or characterize or are inconsistent with those documents, IQVIA denies the allegations.**

16.     <u>Exhibit A</u> seeks physician participation in the National Disease and Therapeutic Index ("NDTI").

**<u>ANSWER</u>:     IQVIA states that Exhibit A speaks for itself.  To the extent that the allegations in Paragraph No. 16 purport to summarize or characterize or are inconsistent with that document, IQVIA denies the allegations.**

17.     The NDTI is a commercial database that was maintained by IMS Health[1] and commercially available to pharmaceutical manufacturers and other members of the healthcare industry.

**<u>ANSWER</u>:     IQVIA admits that on October 3, 2016, Quintiles Transactional Corp. merged with IMS Health Incorporated and was renamed Quintiles IMS Incorporated. Effective November 6, 2017, Quintiles IMS Incorporated was renamed IQVIA Inc.  IQVIA denies all remaining allegations in Paragraph No. 17.**

---

[1] IMS Health, Inc. and Quintiles IMS Health, Inc. merged and now do business as IQVIA.

18.     On information and belief, the data in the NDTI is gathered in an ongoing fashion from a panel of over 3,000 physicians of various specialties.  Physicians submit quarterly reports that include diagnostic information and prescriptive trends broken down by medical specialty, patient profile, desired effects and co-prescriptions.  When a physician writes and reports the prescription, not only is the usual information reported (drug name, amount, dosing instructions and duration), but also the indication for the drug, the patient's gender, age, sex, and method of payment, the site of the prescription (hospital, clinic, etc.), other drugs the patient is taking, other diagnoses, and some physical exam and laboratory data.  This data, excluding patient identification, is provided to the company for inclusion to the database.[2]

**ANSWER:     IQVIA admits that data is gathered from physicians for the NDTI research study.  Answering further, IQVIA states that Exhibit C speaks for itself.  To the extent that the allegations in Paragraph No. 18 purport to summarize or characterize or are inconsistent with that document, IQVIA denies the allegations.  IQVIA denies all remaining allegations in Paragraph No. 18.**

19.     The NDTI data is most often used by pharmaceutical manufacturer marketing departments for promotional and strategic planning purposes.

**ANSWER:     IQVIA states that it lacks sufficient information to form a belief as to the truth of the allegations in Paragraph No. 19, and on that basis denies the allegations in Paragraph No. 19.**

20.     Exhibit B solicited Plaintiff's valuable participation in a supposed "research study" in exchange for compensation.

**ANSWER:     IQVIA states that Exhibit B speaks for itself.  To the extent that the allegations in Paragraph No. 20 purport to summarize or characterize or are inconsistent with that document, IQVIA denies the allegations.**

---

[2] David B. Nash, MD, MBA, *National Drug and Therapeutic Index*, 27 No. 11 P&T 530 (November 2002) (discussing the NDTI; specifically discussing the NDTI's purpose as a commercially available product, purchased by the healthcare industries). Exhibit C.

21.     <u>Exhibit A</u> and <u>Exhibit B</u> contain Defendant's logo and trademark information and neither fax is purely informational or part of an ongoing transaction.[3]

**ANSWER:        IQVIA admits that, effective November 6, 2017, Quintiles IMS Incorporated was renamed IQVIA Inc.  IQVIA states that Exhibits A, B, and D speak for themselves.  To the extent that the allegations in Paragraph No. 21 purport to summarize or characterize or are inconsistent with those documents, IQVIA denies the allegations.  IQVIA denies the remaining allegations in Paragraph No. 21.**

22.     <u>Exhibit A</u> and <u>Exhibit B</u> advertise the commercial availability or quality of Defendant's market research property, products, or services.

**ANSWER:        IQVIA states that Paragraph No. 22 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies the allegations in Paragraph No. 22.**

23.     <u>Exhibit A</u> and <u>Exhibit B</u> advertise a commercially available opportunity for Plaintiff to provide valuable information and opinions in exchange for compensation from Defendant.

**ANSWER:        IQVIA states that Paragraph No. 23 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies the allegations in Paragraph No. 23.**

24.     <u>Exhibit A</u> and <u>Exhibit B</u> are designed to create future opportunities for Defendant and its clients or affiliates to send Plaintiff more faxes and advertisements in the future.

**ANSWER:        IQVIA denies the allegations in Paragraph No. 24.**

25.     <u>Exhibit A</u> and <u>Exhibit B</u> promote the purchase of items available on their on-line catalog, www.imsrxpanels.com, using points.

**ANSWER:        IQVIA states that Paragraph No. 25 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies the allegations in Paragraph No. 25.**

---

[3] On November 6, 2017, QuintilesIMS announced that it changed its name to IQVIA.  Its name change took place on November 6, 2017, and beginning November 15, 2017, equity shares of the company changed to IQVIA. <u>Exhibit D</u>. Defendant sent Exhibit A to Plaintiff after QuintilesIMS changed its name to IQVIA.

26.    Plaintiff did not expressly invite or give permission to anyone to send <u>Exhibits A-B</u> or any other advertisement from Defendant to Plaintiff's fax machine.

**<u>ANSWER:</u>**    **IQVIA denies the allegations in Paragraph No. 26.**

27.    Defendant is the world's largest "contract research organization" ("CRO").[4] Defendant serves health information industries, including the pharmaceutical, biotechnology, and medical device industries.  It provides preclinical services including clinical monitoring and data management.

**<u>ANSWER:</u>**    **IQVIA admits that it is a global provider of information, innovative technology solutions and contract research services.  IQVIA admits that its products may be used by pharmaceutical, biotechnology, and medical device companies.  IQVIA denies all remaining allegations in Paragraph No. 27 not specifically admitted herein.**

28.    Defendant's clients are companies in the health care industry including pharmaceutical companies, healthcare providers, and government-based entities.  Defendant's clients are in the business of developing new medicines and drugs in the healthcare market, thus Defendant has an interest to expeditiously get its client's medical product onto the market.

**<u>ANSWER:</u>**    **IQVIA admits that its clients include certain pharmaceutical companies and certain government-based entities.  IQVIA denies all remaining allegations in Paragraph No. 28.**

29.    Defendant is a for-profit business organization.  Its clients pay it for assisting in the preclinical process.  Part of Defendant's business practice involves sending unsolicited faxes to medical providers soliciting their valuable participation and provision of valuable patient data and other information in exchange for compensation in the form of points redeemable for gift cards, tickets, and merchandise in Defendant's rewards program.

---

[4] *See* The Vall D'Hebron Campus signs a Prime Site Agreement with IQVIA, the world's largest clinical trials management company, https://www .iqvia.com/en/locations/spain/newsroom/2018/04/prime·site·agreement (last visited Mar. 28, 2019).

**ANSWER:**   **IQVIA admits that it is a for-profit business.  IQVIA denies all remaining allegations in Paragraph No. 29.**

30.     The TCPA prohibits the use of "any telephone facsimile machine, computer or other device to send, to a facsimile machine, an unsolicited advertisement …" 47 U.S.C. § 227 (b)(l)(C).  The TCPA defines an "unsolicited advertisement" as "<u>any</u> material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission …" *Id.*, § 227 (a)(5) (emphasis added).

**ANSWER:**   **IQVIA states that Paragraph No. 30 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies sending or causing the sending of "unsolicited advertisement[s]" in violation of the TCPA.**

31.     Defendant's faxes advertise and solicit compensated participation in Defendant's commercially-available data collection business, whether for a client-funded study or to supplement or refine Defendant's commercially-available database.

**ANSWER:**   **IQVIA denies the allegations in Paragraph No. 31.**

32.     On information and belief, Defendant provides non-cash points and compensation to induce health professionals to provide valuable information in "surveys" and "studies," and Defendant sells or licenses the collected information to Defendant's paying customers.

**ANSWER:**   **IQVIA admits that it collects information from a panel of physicians in the United States who complete surveys for inclusion in the NDTI, a long term research study.  IQVIA admits that physicians participating on the NDTI study panel may earn points for completed surveys.  IQVIA denies all remaining allegations in Paragraph No. 32.**

33.     Defendant's unsolicited faxes damaged Plaintiff and the other class members. Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving or sending authorized faxes, cause undue wear and tear on the recipients' fax machines, waste paper and ink

toner, and always waste the recipients' valuable time in discerning the source and purpose of the
unsolicited message.  An unsolicited fax interrupts the recipient's privacy.  Reviewing the fax
wastes the recipient's valuable time that would have been spent on something else.

**ANSWER:**   **IQVIA states that Paragraph No. 33 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies the allegations in Paragraph No. 33.**

34.     Plaintiff and the other class members owe no obligation to protect their fax
machines from Defendant's unsolicited advertisements.  Their fax machines are ready to send and
receive their urgent communications, or private communications about patients' medical needs,
not to receive Defendant's unlawful advertisements.

**ANSWER:**   **IQVIA denies the allegations in Paragraph No. 34, or lacks sufficient information to form a belief as to the truth of the allegations in Paragraph No. 34, and on that basis denies the allegations in Paragraph No. 34.**

### Answer to "Class Action Allegations"

35.     Plaintiff brings this case as a class action on behalf of himself and all others
similarly situated as members of a class, initially defined as follows:

> All persons and entities who received one or more facsimiles at any time after
> November 13, 2015 from Quintiles, IMS or IQVIA inviting them to participate in
> a study in exchange for points in a rewards program.

Plaintiff anticipates modifying the proposed class definition-including proposing subclasses if
appropriate—after discovery about the scope of Defendant's fax advertising practice and about
any affirmative defenses Defendant pleads.

**ANSWER:**   **IQVIA states that Plaintiff purports to bring this case as a class action, but denies that this matter is appropriate to proceed as a class action and denies that the proffered class definition is proper.  IQVIA therefore denies the allegations in Paragraph No. 35.**

36.     Excluded from the class is Defendant, any entity in which any Defendant has a controlling interest, each of Defendant's officers, directors, legal representatives, heirs, successors, and assigns, and any Judge assigned to this action, including his or her immediate family.

**ANSWER:     IQVIA denies that this matter is appropriate to proceed as a class action and denies that the proffered class definition is proper.  IQVIA therefore denies the allegations in Paragraph No. 36.**

37.     In this action, Plaintiff intends to discover, include, and resolve the merits of claims about all advertisements Defendant sent by fax, not merely the two faxes Defendant is known to have sent to Plaintiff.

**ANSWER:     IQVIA lacks sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's intentions, and on that basis denies the allegations in Paragraph No. 37.  IQVIA denies that Plaintiff has standing to pursue claims based on faxes that it did not receive and denies that this matter is appropriate to proceed as a class action.**

38.     Defendant's fax advertising program involved other, substantially similar advertisements soliciting medical professionals to provide valuable information in exchange for compensation.

**ANSWER:     IQVIA denies the allegations in Paragraph No. 38.**

39.     This action is brought and may be properly maintained as a class action pursuant to Fed. R. Civ. P. 23.  The action satisfies Rule 23 (a)'s numerosity, commonality, typicality, and adequacy requirements.   Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A).  Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b)(3).

**ANSWER:     IQVIA denies that this matter is appropriate to proceed as a class action and denies the allegations in Paragraph No. 39.**

40.     <u>Numerosity/impracticality of joinder.</u>  The class includes more than 39 persons and, thus, is so numerous that individual joinder of each member is impracticable.  Plaintiff does not know the precise number of class members or their identities, but expects obtain [*sic*] such information from Defendant's records or the records of third parties.

**<u>ANSWER:</u>     IQVIA denies that this matter is appropriate to proceed as a class action and denies the allegations in Paragraph No. 40.**

41.     <u>Commonality and predominance.</u>  There is a well-defined community of interest and there are common questions of law and fact that predominate over any questions affecting only individual members of the class.  These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

a.     Whether <u>Exhibit A</u>, <u>Exhibit B</u>, and other to-be-discovered facsimiles sent by or on behalf of Defendant solicited participation in studies in exchange for points in Defendant's reward program and advertised the commercial availability or quality of any property, goods or services;

b.     The manner and method Defendant used to compile or obtain the list(s) of fax numbers to which it sent the faxes at issue;

c.     The manner and method Defendant or agents of Defendant used to send the faxes at issue to Plaintiff and the other class members;

d.     Whether Defendant violated the TCPA and the Court should award statutory damages to Plaintiff and the other class members;

e.     If the Court finds that Defendant willfully or knowingly violated the TCPA, whether the Court should exercise its discretion under the TCPA to increase the

amount of the statutory damages award to an amount equal to not more than three times the amount; and

f.        Whether the Court should enjoin Defendant from sending facsimiles like those at issue.

**ANSWER:**        **IQVIA denies that this matter is appropriate to proceed as a class action and denies the allegations in Paragraph No. 41 (including sub-paragraphs (a) through (f)).**

42.        <u>Typicality of claims.</u>  Plaintiff's claims are typical of the claims of the other class members, because all were injured by the same wrongful conduct.  Each received Defendant's unsolicited advertisements by facsimile during broadcasts to multiple targeted recipients.  If Plaintiff prevails on his claims, then the other class members will prevail as well.

**ANSWER:**        **IQVIA denies that this matter is appropriate to proceed as a class action and denies the allegations in Paragraph No. 42.**

43.        <u>Adequacy of representation.</u>  Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class he seeks to represent.  Plaintiff has retained attorneys who are competent and experienced in complex class action litigation, and in TCPA litigation in particular.  Plaintiff intends to vigorously prosecute this action.  Plaintiff and counsel will fairly and adequately protect the interest of the class.

**ANSWER:**        **IQVIA denies that this matter is appropriate to proceed as a class action and denies the allegations in Paragraph No. 43.**

44.        <u>A class action is the superior method of adjudicating the common questions of law or fact that predominate over individual questions.</u>  A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims is economically unfeasible and procedurally impracticable. The likelihood of individual class members prosecuting separate claims is remote, and even if every class member could afford

and wanted to undertake individual litigation, such cases would unduly burden the court system. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

**ANSWER:** **IQVIA denies that this matter is appropriate to proceed as a class action and denies the allegations in Paragraph No. 44.**

## Answer to "First Cause of Action"

### Telephone Consumer Protection Act, 47 U.S.C. § 227

45.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**ANSWER:** **IQVIA incorporates its Answers to the preceding paragraphs as though fully set forth herein.**

46.     Plaintiff brings Count I on behalf of himself and a class of similarly situated persons.

**ANSWER:** **IQVIA states that Paragraph No. 46 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies the allegations in Paragraph No. 46.**

47.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine …" 47 U.S.C. § 227 (b) (1).

**ANSWER:** **IQVIA states that Paragraph No. 47 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies sending or causing the sending of "unsolicited advertisement[s]" in violation of the TCPA.**

48.     Defendant sent Exhibit A and Exhibit B to Plaintiff's fax machine, and sent the same or substantially similar facsimiles to the telephone facsimile machines of the other class members (the "Faxes").

**ANSWER:** **IQVIA denies the allegations in Paragraph No. 48, or lacks sufficient information to form a belief as to the truth of the allegations in Paragraph No. 48, and on that basis denies the allegations in Paragraph No. 48.**

49.     The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227 (a) (4).

**ANSWER:     IQVIA states that Paragraph No. 49 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies sending or causing the sending of "unsolicited advertisement[s]" in violation of the TCPA.**

50.     The Faxes promote Defendant's commercially-available studies.

**ANSWER:     IQVIA denies the allegations in Paragraph No. 50.**

51.     Defendant did not obtain Plaintiff's express invitation or permission before sending any advertisement to Plaintiff by facsimile.  Therefore, Defendant will not be able to allege or prove a defense of "prior express invitation or permission."

**ANSWER:     IQVIA states that Paragraph No. 51 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies the allegations in Paragraph No. 51.**

52.     Plaintiff does not have an "established business relationship" with Defendant, so Defendant cannot raise such an "EBR" defense to Plaintiff's claim.  Moreover, Exhibit A and Exhibit B do not include the opt-out notice the TCPA requires on any fax sent on the basis of an EBR, foreclosing Defendant's attempt to raise EBR as a defense to any class member's TCPA claim.  *See* 47 U.S.C. § 227 (b) (2) (D) & (E) and 47 C.F.R. § 64.1200 (a) (4) (iii) & (v).  Exhibit A contains no opt-out information.  Exhibit B does not contain an opt-out notice in the form required.  Specifically, 47 C.F.R. § 64.1200 (a) (4) (iii) requires that every opt-out notice must set forth the requirements under 47 U.S.C. § 227 (b) (2) (E) for a binding request to prevent future advertising facsimiles: (1) the request must identify the telephone number or numbers of the telephone facsimile machine(s) to which the request relates; (2) the request must be made to the

telephone or facsimile number of the sender; and (3) no person at the requesting party provide [*sic*]

express invitation or permission to the sender "subsequent to such request."  Exhibit B fails to

identify that required information.

**ANSWER:**   **IQVIA states that Paragraph No. 52 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA states that the documents at Exhibits A and B speak for themselves.  To the extent that the allegations in Paragraph No. 52 purport to summarize or characterize or are inconsistent with those documents, IQVIA denies the allegations.  IQVIA denies the remaining allegations in Paragraph No. 52.**

53.   Defendant sent Exhibits A-B to Plaintiff and other health professionals offering

compensation in exchange for their participation in one or more internet or telephone surveys.

**ANSWER:**   **IQVIA admits that physicians participating on the NDTI study panel may earn points for completed surveys.  IQVIA denies all remaining allegations in Paragraph No. 53 not specifically admitted herein.**

54.   Through Exhibits A-B, Defendant intended to gather opinions and other valuable

market research data from participants and then provide that information to Defendant's paying

clients in the healthcare industry.

**ANSWER:**   **IQVIA states that the documents at Exhibits A and B speak for themselves. To the extent that the allegations in Paragraph No. 54 purport to summarize or characterize or are inconsistent with those documents, IQVIA denies the allegations.  IQVIA denies the remaining allegations in Paragraph No. 54.**

55.   The TCPA provides a private right of action as follows:

3.   Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)   An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)   An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)   Both such actions.

47 U.S.C. § 227 (b) (3).

**ANSWER:**   **IQVIA states that Paragraph No. 55 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies that it has committed any violation of the TCPA.**

56.   The Court may treble the statutory damages if it determines that a violation was knowing or willful.  47 U.S.C. § 227 (b) (3).

**ANSWER:**   **IQVIA states that Paragraph No. 55 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies that any violation was willful or knowing, and denies that Plaintiff is entitled to any damages.**

57.   Here, Defendant violated 47 U.S.C. § 227 (b) (1) (C) by sending advertisements by facsimile (such as Exhibits A-B) to Plaintiff and the other class members without their prior express invitation or permission.

**ANSWER:**   **IQVIA states that Paragraph No. 57 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies the allegations in Paragraph No. 57.**

58.   The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if Defendant's actions were negligent.  47 U.S.C. § 227 (b) (3).

**ANSWER:**   **IQVIA states that Paragraph No. 55 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies the allegations in Paragraph No. 58.**

59.   Defendant is liable for the fax advertisements at issue because it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to or constituting the violation, the faxes were sent on its behalf, it owned the list to which faxes were sent, or under general principles of vicarious liability, including actual authority, had apparent authority and ratification.

**ANSWER:**   **IQVIA states that Paragraph No. 59 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies the allegations in Paragraph No. 59.**

60.     Defendant's actions damaged Plaintiff and the other class members.  Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes.  The subject faxes wasted Plaintiff's valuable time, requiring receipt and review Defendant's [*sic*] unlawful fax. Defendant's faxes unlawfully interrupted Plaintiff and the other class members' privacy interests in being left alone. The subject faxes unlawfully used the fax machines of Plaintiff and the other class members.

**ANSWER:**     **IQVIA states that Paragraph No. 60 contains legal conclusions to which no response is required.  To the extent that this Court requires a response, IQVIA denies the allegations in Paragraph No. 60.**

WHEREFORE, IQVIA Inc. denies that Plaintiff, on behalf of himself and/or the putative class members defined in the Complaint, is/are entitled to any relief against it, and prays for the dismissal of the Complaint, with prejudice, recovery of its costs and expenses of suit, and such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

In accordance with Fed. R. Civ. P. 38(b), IQVIA hereby demands a trial by jury of all triable issues in this action.

## AFFIRMATIVE DEFENSES

As to affirmative defenses to the Complaint, IQVIA does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion as to any matters as to which Plaintiff has the burden of proof or persuasion.

IQVIA, through the undersigned counsel, for its Affirmative Defenses to Plaintiff's Class Action Complaint, states as follows:

## FIRST AFFIRMATIVE DEFENSE

The claims of Plaintiff and the alleged class members are barred because they fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred to the extent the facsimiles allegedly received by Plaintiff and the alleged class members are not advertisements as defined by 47 U.S.C. § 227(a)(5) and the rules and regulations implemented thereunder.

The documents attached to the Complaint at Exhibits A and B do not advertise the commercial availability or quality of any property, goods, or services.

Accordingly, the faxes at issue in the Complaint are not "advertisements" under the TCPA and do not fall within the scope of the TCPA.

## THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiff and the alleged class members are barred to the extent that any of the faxes at issue were sent to a fax number shared by, assumed by, or otherwise associated with a person or business who had consented to receive any faxes from IQVIA, or who had an established business relationship with IQVIA.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff and/or the alleged class members directly or indirectly expressly invited and/or gave express permission to receive faxes from IQVIA, such that no violation of the TCPA could or did occur.

## FIFTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's claim for damages, IQVIA incorporates, by reference, all limitations on damage awards which arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996)

and *State Farm Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).  Plaintiff seeks to certify a class of individuals or businesses, who allegedly received unsolicited faxes from IQVIA.

### SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and the alleged class members' claims are barred, in whole or in part, because any injuries sustained by Plaintiff and the alleged class members were *de minimis*.

The injuries Plaintiff alleges here from receipt of two single one-page faxes are of such a small degree as to constitute mere trifles, if Plaintiff suffered any damage at all.

Plaintiff's claims are thus barred under the *de minimis* doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the alleged class members did not receive the documents at Exhibits A and B on a telephone facsimile machine.  Plaintiff's and/or the alleged class members' claims are barred to the extent they received the faxes at issue, if at all, via an online fax service.

On December 9, 2019, the Federal Communications Commission ("FCC") issued an order on a petition for declaratory relief filed by Amerifactors Financial Group LLC.  The FCC held in relevant part that:

> [A]n online fax service that effectively receives faxes 'sent as email over the Internet' and is not itself 'equipment which has the capacity … to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper' is not a 'telephone facsimile machine' and thus falls outside the scope of the statutory prohibition.

### EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and the alleged class members are barred because they lack Article III standing to assert those claims against IQVIA.  They have not alleged and did not suffer any injury-in-fact, and the injury they allege is not sufficiently particularized.

## NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and the alleged class members are barred in whole or in part because IQVIA did not willfully or knowingly violate the TCPA or any of its regulations.  IQVIA acted in good faith and had reasonable grounds for believing that it acted properly with respect to alleged communications to Plaintiff and/or putative class members.  Furthermore, any claims for penalties or multiplication of damages are also foreclosed by virtue of IQVIA's good faith conduct and efforts to comply with applicable law.

## TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and the alleged class members are barred, in whole or in part, because any alleged injuries or damages were not legally or proximately caused by any acts or omissions of IQVIA, but were caused, if at all, solely, legally and proximately by the acts and omissions of third parties, over which IQVIA has no control.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and the alleged class members are barred because Plaintiff and/or the alleged class members had an established business relationship with IQVIA, and IQVIA included an opt-out notice on the faxes allegedly sent.

## TWELFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and the alleged class members are barred by any other matter constituting an avoidance or affirmative defense on legal or equitable grounds.  To the extent that Plaintiff has failed to set forth its claims with sufficient particularity to permit IQVIA to determine all applicable and available defenses, IQVIA specifically reserves its right to amend and/or supplement its Answer with additional defenses when and if such information is ascertained.

Wherefore, IQVIA Inc. denies that Plaintiff, on behalf of itself and/or the alleged class members defined in the Complaint, is entitled to any relief, and prays for the dismissal of the Complaint, with prejudice, recovery of its costs and expenses of suit, and such other and further relief as this Court deems just and proper.

Dated:  November 12, 2021

By:     */s/ Tiffany Cheung*_____
      TIFFANY CHEUNG

TIFFANY CHEUNG (admitted *pro hac vice*)
BONNIE LAU (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Email: TCheung@mofo.com
Email: BLau@mofo.com

JOE NGUYEN (93638)
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street
Suite 2600
Philadelphia, PA 19103
Telephone: (215) 564-8000
Email: JNguyen@stradley.com

EDWARD EBERSPACHER (admitted *pro hac vice*)
MEYER LAW GROUP, LLC
30 North LaSalle Street
Suite 1410
Chicago, IL 60602
Telephone: (312) 265-0565
Email: TEberspacher@meyerlex.com

*Attorneys for Defendant IQVIA Inc.*

## CERTIFICATE OF SERVICE

I, Tiffany Cheung, hereby certify that on November 12, 2021, the foregoing document was filed electronically with the Clerk of the Court using the ECF system.  This document is available for reviewing and downloading from the ECF system.


Dated:  November 12, 2021          By:     */s/ Tiffany Cheung*_____
                                          TIFFANY CHEUNG