IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| RICHARD E. FISCHBEIN, MD, individually and on behalf of all others similarly-situated,<br><br>          Plaintiff,<br><br>v.<br><br>IQVIA, INC.,<br>          Defendant. | Civil Action No. 19-cv-5365<br><br>Hon. Nitza I. Quiñones Alejandro<br><br>CLASS ACTION |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION AND FOR AN EXTENSION OF TIME TO FILE A RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE

This action concerns Plaintiff's, Richard E. Fischbein, MD ("Plaintiff"), claims that Defendant, IQVIA, Inc. ("Defendant") sent faxes to Plaintiff and a proposed class in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. ECF No. 1.

Plaintiff filed a motion for class certification on March 15, 2024. ECF No. 87. On April 27, 2024, Defendant filed a response. ECF No. 92. That same day, Defendant also filed its Motion to Exclude Certain Opinions of Plaintiff's Expert Christopher Lee Howard. ECF No. 93. By local rule, Plaintiff's response to Defendant's motion to exclude is currently due on May 13, 2023.[1]

---

[1] Pursuant to the scheduling order, Defendant's response was due April 26, 2024. The response and the motion to exclude were actually both filed early in the morning on April 27, 2024. ECF 86. As a result, technically, Plaintiff's response to the motion to exclude is not due until May 13, 2024.

The response to class certification, which is 48 pages long, raises many legal and factual issues that can only be properly resolved if Plaintiff is allowed leave to reply to those issues. ECF No. 115. Plaintiff will confine any reply to rebutting the issues raised in Defendant's response and will not restate arguments Plaintiff made in its Memorandum in Support of Plaintiff's Motion for Class Certification.

Plaintiff has cited the opinions of Plaintiff's expert Howard in support of his motion for class certification, so the issues raised in Defendant's motion to exclude portions of Mr. Howard's opinions are intertwined with those raised in its opposition to Plaintiff's motion for class certification. Defendant's motion to exclude is 38 pages long. Because of the length of Defendant's Response and the motion to exclude, Plaintiff requests that its reply brief be due on the same day as the requested date for its response to Defendant's motion to exclude expert testimony, May 24, 2024.

Defendant does not oppose this motion but has asked that Plaintiff not oppose any request by Defendant to file a reply brief on its motion to exclude and have a similar time to do so, and Plaintiff has no objection to that.

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant its unopposed Motion for Leave to File a Reply Brief in Support of His Motion for Class Certification and for an Extension of Time to File a Response to Defendant's Motion to Exclude. A proposed order is submitted herewith.

Dated: May 7, 2024

Respectfully submitted,

By: /s/ Phillip A. Bock

Richard Shenkan (PA 79800)
**Shenkan Injury Lawyers, LLC**
P.O. Box 7255
New Castle, PA 16107
(412)716-5800
rshenkan@shenkanlaw.com

Lawrence F. Stengel
**Saxton & Stump, LLC**
280 Granite Run Dr., Ste. 300
Lancaster, PA 17601
(717)556-1080
lfs@saxtonstump.com

Phillip A. Bock (pro hac vice)
Jonathan B. Piper (pro hac vice)
**Bock Hatch & Oppenheim, LLC**
203 N. LaSalle St. Ste. 2100
Chicago, IL 60602
(312) 658-5500
service@classlawyers.com

*Counsel for Plaintiff and the Putative Class*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 7, 2024, he caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system.

By: /s/ Phillip A. Bock